1  MATTHEW J. MATERN (SBN 159798)
   mmatern@maternlawgroup.com
2  MATTHEW W. GORDON (SBN 267971)
   mgordon@maternlawgroup.com
3  MATERN LAW GROUP, PC
   1230 Rosecrans Avenue, Suite 200
4  Manhattan Beach, California 90266
   Telephone: (310) 531-1900
5  Facsimile: (310) 531-1901

6  Attorneys for Plaintiff
7  CINDY PHAM

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12 | CINDY PHAM, an individual, on behalf of        | CASE NO.: 5:23-cv-01884-NC
   | herself and all others similarly situated,     |
13 |                                                 | CLASS ACTION
   |                Plaintiff,                      |
14 |                                                 | **FIRST AMENDED COMPLAINT FOR:**
   |        vs.                                     |
15 |                                                 | 1. Failure to Provide Required Meal Periods
   | WARBY PARKER INC., a Delaware corporation;     | 2. Failure to Provide Required Rest Periods
16 | WARBY PARKER RETAIL, INC., a Delaware          | 3. Failure to Pay Overtime Wages
   | corporation; and DOES 1 through 50, inclusive, | 4. Failure to Pay Minimum Wages
17 |                                                 | 5. Failure to Pay All Wages Due to Discharged
   |                Defendants.                     |    and Quitting Employees
18 |                                                 | 6. Failure to Furnish Accurate Itemized Wage
   |                                                 |    Statements
19 |                                                 | 7. Failure to Indemnify Employees for Necessary
   |                                                 |    Expenditures Incurred in Discharge of Duties
20 |                                                 | 8. Unfair and Unlawful Business Practices
   |                                                 |
21 |                                                 | **DEMAND FOR JURY TRIAL**
   |                                                 |
22 |                                                 |
   |                                                 | Complaint Filed:   March 13, 2023
23 |                                                 | Date of Removal:   April 19, 2023

24
25
26
27
28

Plaintiff CINDY PHAM ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. PLAINTIFF originally filed this action in the Superior Court of the State of California because PLAINTIFF is a resident of the State of California and Defendants WARBY PARKER INC., a Delaware corporation, WARBY PARKER RETAIL, INC., a Delaware corporation, and DOES 1 through 50 (collectively, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2. PLAINTIFF original filed this action in the County of Santa Clara, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Santa Clara, DEFENDANTS maintain offices and facilities and transact business in the County of Santa Clara, and DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in the County of Santa Clara. On April 19, 2023, DEFENDANTS removed this action to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711.

## PLAINTIFF

3. PLAINTIFF is a resident and a citizen of the State of California and a former non-exempt employee of DEFENDANTS. PLAINTIFF was employed by DEFENDANTS as an optician at DEFENDANTS' retail store in Palo Alto, California from approximately December 2, 2016 until February 15, 2022.

4. PLAINTIFF, on behalf of herself and all other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to

indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, and interest, attorneys' fees, costs, and expenses.

5. PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

**DEFENDANTS**

6. PLAINTIFF is informed and believes, and thereon alleges, that Defendant WARBY PARKER INC. is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that WARBY PARKER INC. is authorized to conduct business in the State of California and does conduct business in the State of California. Specifically, Defendant WARBY PARKER INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Santa Clara, State of California.

7. PLAINTIFF is informed and believes, and thereon alleges, that Defendant WARBY PARKER RETAIL, INC. is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that WARBY PARKER RETAIL, INC. is authorized to conduct business in the State of California and does conduct business in the State of California. Specifically, Defendant WARBY PARKER RETAIL, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Santa Clara, State of California.

8. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

9. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

10. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

11. PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12. Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

13. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**CLASS ACTION ALLEGATIONS**

14. This action is appropriately suited for a Class Action because:

   a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

   b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

   c. The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

   d. PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

   e. Common questions of law and fact predominate over any questions affecting individual CLASS MEMBERS, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 7-2001, § 11]**

**(Against all DEFENDANTS)**

15. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to miss 30-minute meal periods, or to work through them, or to take late, short, or interrupted meal periods, and have failed to otherwise

provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 7-2001, § 11.

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 7-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19. During the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS were not permitted to start a meal period without obtaining authorization from the manager. Because of systemic understaffing, PLAINTIFF and CLASS MEMBERS were frequently required by management to miss meal periods and to take late, short, and interrupted meal periods in order to assist with customers. In addition, PLAINTIFF's meal periods were routinely interrupted because PLAINTIFF was required to answer questions from the manager-in-training and other employees during meal periods while PLAINTIFF was off the clock and supposed to be relieved of all duty. During the CLASS PERIOD, PLAINTIFF worked shifts in excess of six hours almost every workday. PLAINTIFF's time records show the number of meal periods that were late, short, and missed during the CLASS PERIOD. PLAINTIFF estimates that her meal periods were late, short, missed, or interrupted at least one workday per week, on average, during the CLASS PERIOD because of DEFENDANTS' practice of understaffing stores.

20. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

///
///
///
///

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001, § 12]

### (Against all DEFENDANTS)

21.  PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

22.  At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest periods as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7-2001, § 12.

23.  DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 7-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

24.  During the CLASS PERIOD, DEFENDANTS implemented an illegal Time and Attendance Policy and Procedure that authorized a paid rest period only for shifts four hours or more in length.  In addition, DEFENDANTS' unlawful policy authorized a second paid rest period only for shifts eight hours or more in length.  Under California law, employees are entitled to a 10-minute rest period for shifts from three and one-half to six hours in length, and a second 10-minute rest period for shifts of more than six hours up to ten hours in length.  *Brinker Rest. Corp., v. Superior Court*, 53 Cal. 4th 1004, 1029 (2012).  As a result of DEFENDANTS' unlawful written policy, DEFENDANTS failed to authorize and permit PLAINTIFF to take a second 10-minute rest period on every shift PLAINTIFF worked that was greater than six hours but less than eight hours in length.

25.  Furthermore, during the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS were not permitted to take a rest period without obtaining authorization from the manager.  Because of systemic understaffing, PLAINTIFF and CLASS MEMBERS were frequently required by management to miss rest periods and to take short and interrupted rest periods in order to assist with customers.  In addition, PLAINTIFF's rest periods were routinely interrupted because PLAINTIFF was required to

answer questions from the manager-in-training and other employees during rest periods while PLAINTIFF was supposed to be relieved of all duty. PLAINTIFF estimates that her rest periods were missed, short, or interrupted at least one workday per week, on average, during the CLASS PERIOD because of DEFENDANTS' practice of understaffing stores.

26. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 7-2001, § 3]

### (Against all DEFENDANTS)

27. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

28. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

29. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through

meal breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and other methods to be discovered.

30. When PLAINTIFF and CLASS MEMBERS returned to work following the COVID-19 shutdown, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download an application on their personal cell phones for the purpose of pre-shift COVID-19 screenings. DEFENDANTS mandated that, before clocking in for a shift each workday beginning in or about June 2020, PLAINTIFF and CLASS MEMBERS answer a series of questions in the cell phone application as part of a uniform, off-the-clock, pre-shift COVID-19 screening process. DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS for any of the time spent performing the off-the-clock, pre-shift COVID-19 screening, which PLAINTIFF estimates took 1-3 minutes each workday the policy was in effect, even though DEFENDANTS knew PLAINTIFF and CLASS MEMBERS were required to conduct the COVID-19 screening for work purposes. For example, during the pay period ending April 24, 2021, DEFENDANTS paid PLAINTIFF for 1.37 hours of overtime. However, PLAINTIFF worked additional daily overtime on at least one workday during this pay period because PLAINTIFF was required to perform the pre-shift COVID-19 screening off the clock and DEFENDANTS did not compensate PLAINTIFF for the time spent performing this work.

31. During the CLASS PERIOD, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download the Ceridian Dayforce application on their personal cell phones in order to check the store's updated work schedule. Although DEFENDANTS posted a copy of the work schedule at the store, it was not always accurate or up to date. Therefore, PLAINTIFF and CLASS MEMBERS were required to use the Dayforce app on their personal cell phones to view the correct schedule each workday. DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS for the time worked off the clock checking the updated work schedule on the Dayforce app.

32. During the CLASS PERIOD, DEFENDANTS paid PLAINTIFF and CLASS MEMBERS nondiscretionary bonuses which DEFENDANTS failed to include in the calculation of the regular rate of pay for overtime purposes. By excluding these bonus payments from the regular rate of pay, DEFENDANTS underpaid PLAINTIFF and CLASS MEMBERS overtime wages. For example, for the pay period ending on January 2, 2021, DEFENDANTS paid PLAINTIFF a nondiscretionary

"Spot Bonus" in the amount of $182.75. DEFENDANTS also paid PLAINTIFF $22.14 for 0.60 hours of overtime at the rate of $36.90, which was 1.5 times PLAINTIFF's base rate of $24.60. By excluding the "Spot Bonus" in the amount of $182.75 from the calculation of PLAINTIFF's regular rate of pay, DEFENDANTS underpaid PLAINTIFF overtime wages during this pay period. In addition, on August 16, 2021, DEFENDANTS paid PLAINTIFF a nondiscretionary quarterly bonus ("Qtrly Bonus" or "Q2 Retail Bonus") in the amount of $611.00 for meeting second quarter metrics. However, DEFENDANTS failed to recalculate the regular rate of pay for overtime to factor in the quarterly bonus and did not compensate PLAINTIFF with a "true-up" payment of additional overtime wages based upon the higher regular rate of pay. DEFENDANTS simply paid PLAINTIFF for overtime during the second quarter of 2021 at 1.5 times PLAINTIFF's base rate of pay, including but not limited to during the pay periods ending on the following dates: April 10, 2021; April 24, 2021; May 8, 2021; May 22, 2021; June 5, 2021; June 19, 2021; and July 3, 2021.

33.     Furthermore, DEFENDANTS paid PLAINTIFF and CLASS MEMBERS other remuneration which DEFENDANTS failed to include in the calculation of the regular rate of pay, resulting in underpayments of overtime wages. For example, for the pay period ending on July 3, 2021, DEFENDANTS paid PLAINTIFF "DP Earnings" in the amount of $2,893.28. DEFENDANTS also paid PLAINTIFF $89.30 for 2.42 hours of overtime at the rate of $36.90, which was 1.5 times PLAINTIFF's base rate of $24.60. By excluding the "DP Earnings" in the amount of $2,893.28 from the calculation of PLAINTIFF's regular rate of pay, DEFENDANTS underpaid PLAINTIFF overtime wages. For the pay period ending on October 9, 2021, DEFENDANTS paid PLAINTIFF "Special Pay" in the amount of $366.95, "DP Earnings" in the amount of $180.83," and "Ltd Imputted [sic] In" earnings in the amount of $3.30. DEFENDANTS also paid PLAINTIFF $1.85 for 0.05 hours of overtime at the rate of $36.90, which was 1.5 times PLAINTIFF's base rate of $24.60. By excluding the "Special Pay," "DP Earnings," and "Ltd Imputted In" earnings from the calculation of the regular rate of pay, DEFENDANTS underpaid PLAINTIFF overtime wages during this pay period.

34.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and

continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

35. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 7-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 7-2001, § 4]**

**(Against all DEFENDANTS)**

36. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

37. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

38. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and other methods to be discovered.

39. When PLAINTIFF and CLASS MEMBERS returned to work following the COVID-19 shutdown, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download an application on their personal cell phones for the purpose of pre-shift COVID-19 screenings. DEFENDANTS mandated that, before clocking in for a shift each workday beginning in or about June 2020,

PLAINTIFF and CLASS MEMBERS answer a series of questions in the cell phone application as part of a uniform, off-the-clock, pre-shift COVID-19 screening process. DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS for any of the time spent performing the off-the-clock, pre-shift COVID-19 screening, which PLAINTIFF estimates took 1-3 minutes each workday the policy was in effect, even though DEFENDANTS knew PLAINTIFF and CLASS MEMBERS were required to conduct the COVID-19 screening for work purposes. As a result, while the COVID-19 screening policy was in effect, PLAINTIFF and CLASS MEMBERS were not paid minimum wages each workday for the time spent performing the off-the-clock, pre-shift COVID-19 screening, where their total hours worked was less than 8 hours.

40. During the CLASS PERIOD, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download the Ceridian Dayforce application on their personal cell phones in order to check the store's updated work schedule. Although DEFENDANTS posted a copy of the work schedule at the store, it was not always accurate or up to date. Therefore, PLAINTIFF and CLASS MEMBERS were required to use the Dayforce app on their personal cell phones to view the correct schedule each workday. DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS at the applicable minimum wage for the time worked off the clock checking the updated work schedule on the Dayforce app. PLAINTIFF estimates that she was required to spend 1-2 minutes off the clock checking the Dayforce app each day she was scheduled to work during the CLASS PERIOD in order to view the updated work schedule.

41. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

42. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

43. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

44. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

45. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

46. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202, including unpaid meal period premiums, rest period premiums, overtime wages, and minimum wages, as set forth above.

47. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

48. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts,

plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code § 226; IWC Wage Order No. 7-2001, § 7]

### (Against all DEFENDANTS)

49.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

50.   During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, the inclusive dates of the period for which the employee is paid, only the last four digits of the employees social security number or an employee identification number other than a social security number, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

51.   As alleged herein, during the CLASS PERIOD, DEFENDANTS failed to pay premium wages for noncompliant meal periods and rest periods, failed to pay overtime wages and minimum wages, and failed to record all hours worked performing pre-shift COVID-19 screenings and checking work schedules on the Dayforce app, and failed to pay overtime wages at 1.5 times the regular rate of pay by excluding remuneration, including but not limited to nondiscretionary bonuses, from the calculation.  As a result, DEFENDANTS failed to furnish PLAINTIFF and CLASS MEMBERS with timely, itemized wage statements that accurately reflected the gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9). PLAINTIFF and CLASS MEMBERS are entitled to a presumption of injury under Labor Code § 226(e)(2)(B) because they could not promptly and easily determine from the wage

FIRST AMENDED COMPLAINT
Case No. 5:23-cv-01884-NC

statement alone the amount of gross wages or net wages earned, the total hours worked, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate. *Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2020 WL 6392562, at *7 (E.D. Cal. Nov. 2, 2020); *Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2022 WL 1645942, at *13 (N.D. Cal. May 24, 2022).

52. During the CLASS PERIOD, DEFENDANTS' failure to furnish accurate, itemized wage statements to PLAINTIFF and CLASS MEMBERS was a "knowing and intentional failure," pursuant to Labor Code § 226(e)(1), because it was not the result of an isolated and unintentional payroll error due to a clerical or inadvertent mistake.

53. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to penalties pursuant to California Labor Code § 226(e), and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

54. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

55. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

56. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phone usage, in violation of California

Labor Code § 2802.

57. When PLAINTIFF and CLASS MEMBERS returned to work following the COVID-19 shutdown, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download an application on their personal cell phones for the purpose of pre-shift COVID-19 screenings. DEFENDANTS mandated that, before clocking in for a shift each workday beginning in or about June 2020, PLAINTIFF and CLASS MEMBERS answer a series of questions in the cell phone application as part of a uniform, off-the-clock, pre-shift COVID-19 screening process. DEFENDANTS did not reimburse PLAINTIFF and CLASS MEMBERS for the necessary expense they incurred in using their personal cell phones for this work-related purpose.

58. Furthermore, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download an application of their personal cell phones for the purpose of authenticating passwords used when logging in to DEFENDANTS' in-store iPads to make sales. DEFENDANTS did not reimburse PLAINTIFF and CLASS MEMBERS for the necessary expense they incurred in using their personal cell phones to authenticate passwords for DEFENDANTS' business.

59. DEFENDANTS required PLAINTIFF and CLASS MEMBERS to download the Ceridian Dayforce application on their personal cell phones in order to check the store's updated work schedule. Although DEFENDANTS posted a copy of the work schedule at the store, it was not always accurate or up to date. Therefore, PLAINTIFF and CLASS MEMBERS were required to use the Dayforce app on their personal cell phones to view the correct schedule each workday. DEFENDANTS did not reimburse PLAINTIFF and CLASS MEMBERS for the necessary expense they incurred in using their personal cell phones for this work-related purpose.

60. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

# EIGHTH CAUSE OF ACTION

## Unfair and Unlawful Business Practices

## [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

## (Against all DEFENDANTS)

61. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

62. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to authorize and permit required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq. ("UCL").

63. Furthermore, during the CLASS PERIOD, DEFENDANTS violated Labor Code § 246(l)(1)-(3) by failing to pay PLAINTIFF and CLASS MEMBERS sick leave at the correct rate of pay, including by failing to include all remuneration earned, such as nondiscretionary bonus, "Special Pay," "DP Earnings," and "Ltd Imputted In" earnings, in the calculation of paid sick time. For example, for the pay period ending on May 8, 2021, DEFENDANTS paid PLAINTIFF $393.60 for 16.00 hours of "Sick" earnings at PLAINTIFF's base hourly rate of $24.60. During the same pay period, DEFENDANTS paid PLAINTIFF additional compensation, including "DP Earnings" in the amount of $180.83 and "Ltd Imputted [*sic*] In" earnings in the amount of $3.30, which were not factored into the calculation of PLAINTIFF's regular rate of pay. In addition, on August 16, 2021, DEFENDANTS paid PLAINTIFF a nondiscretionary quarterly bonus ("Qtrly Bonus" or "Q2 Retail Bonus") in the amount of $611.00 for meeting second quarter metrics. However, DEFENDANTS failed to recalculate the regular rate of pay for paid sick time to factor in the quarterly bonus and did not compensate PLAINTIFF with a

"true-up" payment of additional sick time pay based upon the higher regular rate of pay.

64. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

65. DEFENDANTS have avoided payment of minimum wages, overtime wages, meal period premiums, rest period premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

66. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

67. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to restitution of all wages and other compensation unlawfully withheld from them by DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court. PLAINTIFF lacks an adequate remedy at law for the restitution sought herein in the alternative because PLAINTIFF's claims for restitution under the UCL have a four-year statute of limitations, which is one year longer than PLAINTIFF's claims for damages. Therefore, PLAINTIFF is not seeking the same amount in both restitution and damages for the same past harm. The amount of damages sought by PLAINTIFF based upon a three-year statute of limitations is less than the amount of restitution sought under the UCL based upon a four-year statute of limitations. Furthermore, PLAINTIFF lacks an adequate remedy at law because PLAINTIFF has no means to recover damages for DEFENDANTS' violations of California sick time laws under Labor Code § 246. PLAINTIFF is limited to seeking restitution under the UCL or civil penalties under the Labor Code Private Attorneys General Act of 2004. *Wood v. Kaiser Found. Hosps.*, 88 Cal. App. 5th 742, 764 (2023), *as modified* (Mar. 23, 2023). Accordingly, PLAINTIFF does not have an adequate remedy at law for her UCL

claims.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For waiting time penalties pursuant to California Labor Code § 203;

6. For statutory and civil penalties according to proof;

7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226, 1194, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

10. For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

///
///
///
///
///
///

11. For such further relief that the Court may deem just and proper.

DATED: June 9, 2023                    Respectfully submitted,

                                       MATERN LAW GROUP, PC


                                       By:  */s/ Matthew W. Gordon*
                                            MATTHEW J. MATERN
                                            MATTHEW W. GORDON
                                            Attorneys for Plaintiff
                                            CINDY PHAM, individually, and on behalf
                                            of all others similarly situated


## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: June 9, 2023                    Respectfully submitted,

                                       MATERN LAW GROUP, PC


                                       By:  */s/ Matthew W. Gordon*
                                            MATTHEW J. MATERN
                                            MATTHEW W. GORDON
                                            Attorneys for Plaintiff
                                            CINDY PHAM, individually, and on behalf
                                            of all others similarly situated